**In re Rita SUTTON, Debtor.**

**Bankruptcy No. 5–84–00338.**

United States Bankruptcy Court, D. Connecticut.

Sept. 24, 1984.

On Motion for Reconsideration Oct. 16, 1984.

Joanne S. Faulkner, New Haven Legal Assistance Ass'n, Inc., New Haven, Conn., for debtor.

### MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

### BACKGROUND

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on

May 7, 1984. On the same date, the debtor applied for an order to pay the $60.00 filing fee required under 28 U.S.C. § 1930(a) in installments. On May 9, 1984, this court entered an order, requiring that the entire fee be paid on or before August 7, 1984. The debtor failed to pay any part of that fee before the required date. On August 15, 1984, this court, on its own motion, moved to dismiss the debtor's petition for failure to prosecute (failure to pay filing fee). On August 31, 1984, the debtor filed an application[1] for an extension of time to pay the required filing fee.

## DISCUSSION

If the debtor had filed her motion prior to August 7, 1984, this court would agree that for cause shown, an extension up to 180 days after the filing of the petition would be possible. But here the motion was filed after August 7, and therefore Bankruptcy Rules 9006(b)(1) and (3) must be applied. Rules 9006(b)(1) and (3) provide in pertinent part:

(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

(3) The court may enlarge the time for taking action under Rules 1006(b)(2) ... only to the extent and under the conditions stated in those rules.

■ Since the debtor's motion was not timely filed, the extension is only permitted if the debtor's failure to pay the filing fee

on time was due to excusable neglect. Counsel for the debtor offered no explanation for the debtor's failure to pay on time that approached excusable neglect as those words of art has been defined in this circuit. In *In re Martin-Trigona*, 11 B.R. 414, 416 (Bankr.D.Conn.1981), this court, quoting *Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76 (2d Cir. 1978), discussed the meaning of excusable neglect in a different context as follows:

The question thus becomes "whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time...." The answer, of course, depends on the meaning given to the phrase "excusable neglect." In this regard, we believe that the determination of "whether neglect is excusable depends on the facts of the case at hand and ... should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed.'" This common-sense approach is to be coupled with an awareness that the "excusable neglect" standard is intended to be a "strict one," that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, and, finally, that "[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served."

*See also In re Diana B. Johnson*, 35 B.R. 79 (Bankr.D.Conn.1983).

■ Indeed the debtor has not even alleged excusable neglect in her motion or at the hearing. Instead the debtor urges this court to exercise its equity jurisdiction. The gist of the debtor's argument is that her poverty justifies her failure to comply with this court's order. Aside from the observation that the debtor's poverty would not have prevented her attorney from making a timely application for an extension *before* the time expired, it should

1. While the debtor requested an extension of time to pay filing fee "pursuant to 28 U.S.C. sec. 1930(a)," it was clarified at the hearing on September 5, 1984, that the debtor was relying on Bankruptcy Rule 1006(b)(2).

be observed that virtually all debtors who seek relief under the Code are to some significant extent in financial distress and could presumably make the same argument. Moreover, the equity jurisdiction of this court may not be exercised in defiance of express rules of law. As the court noted in *In re Burley*, 11 B.R. 369, 373, 7 B.C.D. 861, 863 (Bankr.C.D.Cal.1981),

> ... equity jurisdiction is as well *defined* and *limited* as that of a court of law. It is not an unbridled or unfettered license to fashion relief as seems appropriate to the Chancellor. [Emphasis in original]

For the foregoing reasons, the debtor's motion for an extension of time to pay the filing fee is denied. Having concluded that the debtor's motion for an extension must be denied and having found that the debtor has not paid the requisite filing fee, it necessarily follows that the court's motion to dismiss her case must be granted. As the Supreme Court held in *U.S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973):

> Bankruptcy is hardly akin to free speech or marriage or to those other rights, so many of which are imbedded in the First Amendment, that the court has come to regard as fundamental.... There is no constitutional right to obtain a discharge of one's debts in bankruptcy.... The rational basis for the fee requirement is readily apparent.

409 U.S. at 446–7, 93 S.Ct. at 638–39.

It is so ORDERED.

1. The debtor's motion will be treated here as one under Bankruptcy Rule 9023, incorporating Fed.R.Civ.P. 59, rather than Bankruptcy Rule 9024, incorporating Fed.R.Civ.P. 60 because it was filed within ten days of the order of September 25, 1984. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir.1982).

2. Rule 9006(b) provides in pertinent part:
   (1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after

## ON MOTION FOR RECONSIDERATION

### BACKGROUND

On September 25, 1984, this court entered an order dismissing the debtor's Chapter 7 case because of her failure either to pay any part of the required filing fee within the time allowed by the May 9, 1984 order allowing the payment of that fee in installments, or to obtain an extension of time to make those payments. A copy of the September 25, 1984 order is attached hereto for reference.

The debtor now requests the court to reconsider and amend its order of dismissal,[1] contending that the court failed to take into account the Advisory Committee Note to Rule 9006(b),[2] which makes Rule 9006(b)(1) inapplicable. In support of her contention, the debtor cites from the Advisory Committee Note:

> If a rule is included in paragraph (b)(3) an extension may not be granted under paragraph (1).

The debtor concludes, that because Rule 9006(b)(1) does not apply, there is no explicit prohibition against extension of time for paying the filing fee after the initial time granted by the court has expired, and therefore the only rule that applies is Rule 1006(b)(2).[3]

■ There is no merit to the debtor's contention. The Rule 9006(b)(3) prohibition

expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....
(3) The court may enlarge the time for taking action under Rules 1006(b)(2) ... only to the extent and under the conditions stated in those rules.

3. Rule 1006(b)(2) provides:
   Prior to the meeting of creditors, the court may order the filing fee paid to the clerk or grant leave to pay in installments and fix the number, amount and dates thereof. The number of installments shall not exceed four, and the final installment shall be payable not later than 120 days after filing the petition. *For cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition.* [Emphasis added]

against use of Rule 9006(b)(1) was undoubtedly intended to prevent any extension of time beyond the maximum period provided under other rules, e.g., Rule 1006(b)(2) which establishes a maximum of 180 days for payment of filing fees in installments. Thus in determining whether to allow an extension of up to 180 days, the excusable neglect standard under Rule 9006(b)(1) is applicable[4]. To conclude otherwise would result in the logical absurdity of prohibiting an extension of time to a movant not faced with a maximum time limit, unless excusable neglect were demonstrated, while allowing an extension of time to a movant held to a maximum time limit, without a showing of excusable neglect.

Rule 9006(b)(1) must be read with Rule 1006(b)(2) so that an extension of up to 180 days is allowed only when the debtor establishes a legally cognizable justification for requesting an extension of time after the original time limit has passed. To rule otherwise would be to invite debtors to ignore the court's orders.

Accordingly, having reconsidered its order of dismissal at the debtor's request, the debtor's motion to amend that order is denied and

It is so ORDERED.

---

**4.** The Advisory Committee note for Rule 9006 also provides:

Many rules which establish a time for doing an act also contain a specific authorization and standard for granting an extension of time and in some cases, limit the length of an extension. In some instances it would be inconsistent with objective of the rule and sound administration of the case to permit extension under Rule 9006(b)(1), but with respect to the other rules it is appropriate that the power to extend time be *supplemented by* Rule 9006(b)(1). [Emphasis added]