**In re ECONOMIC ENTERPRISES, INC., Debtor.**

**MERCHANTS BANK & TRUST CO., Plaintiff,**

v.

**ECONOMIC ENTERPRISES, INC., Defendant.**

**In re GALAXY ASSOCIATES, Debtor.**

**Bankruptcy No. 5–83–00664.**
**Motion No. 5–84–0016–M.**

United States Bankruptcy Court, D. Connecticut.

Nov. 21, 1984.

---

Jules Lang, Lepofsky, Lepofsky & Lang, Norwalk, Conn., for Merchants' Bank & Trust Co.

Marsha Moses, Ronai & Moses, P.C., Milford, Conn., for Citytrust Co.

Ellery E. Plotkin, Slavitt, Connery & Vardamis, Norwalk, Conn., for debtor, Galaxy Associates.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

Merchants Bank & Trust Co. (MBT) brings this motion in two counts. First, for relief from the automatic stay under Code § 362(a) in order to commence foreclosure proceedings against property of Galaxy Associates (Galaxy), a debtor under Chapter 11, and second, to participate "parri passu" with the first mortgagee, Citytrust Company (Citytrust). The parties have agreed that this proceeding should be limited to second count. Accordingly, this Memoran-

1. *See* Conn.Gen.Stat.Ann. § 42a–5–103 for definitions.

2. MBT used the term "parri passu." While *pari passu* contemplates that creditors share in assets

dum and Order will be confined to the so-called *pari passu* issue as it relates to the two above captioned Chapter 11 cases.

## BACKGROUND

Economic Enterprises, Inc. (Economic), a land developer, now a Chapter 11 debtor and former owner of the Galaxy property, requested that Citytrust finance the construction of condominium units on premises at Fairview Avenue, in Norwalk, Connecticut. Citytrust conditioned approval of the construction mortgage loan on several terms, including Economic's acquisition of an irrevocable letter of credit on terms satisfactory to Citytrust.

On or about December 23, 1981, MBT issued an irrevocable letter of credit to Economic as "customer" and Citytrust as "beneficiary." [1] On the same day, Economic executed a promissory note and construction mortgage deed in favor of Citytrust.

Subsequently, the condition for payment of the letter of credit, i.e. default by Economic on the note to Citytrust, occurred and Citytrust demanded payment from MBT. It is undisputed that MBT payed the full value of the letter of credit to Citytrust.

■ MBT now contends that because it paid the full value of the letter of credit, it should be subrogated to the first mortgage rights of Citytrust to the extent of the $400,000.00 it paid to Citytrust.[2]

## DISCUSSION

■ The law of the State of Connecticut, which adopts Article 5 of the Uniform Commercial Code, is clear that an issuer of a letter of credit may not look to the underlying contract between its customer and the beneficiary of the letter of credit in connection with its duty to honor the letter of credit. *New York Life Insurance Co. v. Hartford National Bank & Trust Co.*, 173

on an equal basis, MBT specifically requests that it be entitled to share ratably in the first mortgage to the extent of $400,000.

Conn. 492, 378 A.2d 562 (1977); *see* Conn. Gen.Stat.Ann. §§ 42a–5–109, 42a–5–114, and Official Comments thereto.

MBT argues that the prohibition against utilizing the underlying contract as a defense to payment does not prevent a court of equity from allowing an issuer to be subrogated to the rights of a beneficiary after payment to a beneficiary. The only authority MBT presents in support of that argument is an article written by a member of the Oregon bar,[3] which cites no judicial authority for that proposition. Moreover, the author comments upon the precautions an issuer might take at the time a letter of credit is issued if the issuer intends to assert a right of subrogation.

Insofar as issuers do not want to rely on the subrogation argument, however, they might want to consider altering the documents required of the beneficiary of a standby letter of credit to include an explicit assignment of the beneficiary's security interest in the customer's assets[, a]lthough courts would not be absolutely bound to recognize this assignment.[4]

The beneficiary here, Citytrust, did not agree to an assignment of part of its first mortgage. Indeed it insisted upon an irrevocable letter of credit, not a mere guaranty, as a condition to the granting of a construction mortgage loan.

MBT further contends, by way of analogy, that the Official Comment to U.C.C. § 5–109 supports its argument. That comment provides in pertinent part:

> The customer will normally have direct recourse against the beneficiary if performance fails, whereas the issuer will have such recourse only by assignment of or in a proper case subrogation to the rights of the customer.

■ This court does not agree with the logic of MBT's analogy. Simply because MBT might "in a proper case" be subrogated to the rights of Economic (customer), it does not follow that it should be subrogated to the rights of Citytrust (beneficiary). An issuer may not invade the underlying contract after payment on a letter of credit when the customer has no cause of action against the beneficiary. To allow an issuer an equitable right of subrogation under these circumstances would violate the spirit and intent of the law developing under Article 5 which, as noted, prohibits an issuer from interfering with the underlying contract unless explicit language in the letter of credit so provides.

In *Data General Corp. v. Citizens National Bank*, 502 F.Supp. 776, 788 (D.Conn. 1980), the court explained:

> [A]n issuing bank's duty to a beneficiary is unrelated to the relationship between the bank and its customer. If a bank issues a letter of credit without first securing funds from its customer, ... the beneficiary should not be prejudiced by the bank's deliberate inaction or inadvertence.

■ As this court noted in *In re Rita Sutton*, 43 B.R. 250, 252 (Bankr.D.Conn. 1984): "[T]he equity jurisdiction of this court may not be exercised in defiance of express rules of law," *citing from In re Burley*, 11 B.R. 369, 373 (Bankr.C.D.Cal. 1981):

> ... equity jurisdiction is as well *defined* and *limited* as that of a court of law. It is not an unbridled or unfettered license to fashion relief as seems appropriate to the Chancellor. [Emphasis in original.]

Moreover, the equities in this case favor the legal result. While Citytrust has the sole security of a first mortgage on the property now owned by Galaxy, MBT has security which includes the personal guaranty of three persons and mortgages on three unrelated properties[5] as well as a second mortgage on the Galaxy property.

## ORDER

■ For the foregoing reasons, Merchants Bank & Trust Company is not enti-

---

**3.** Jarvis, "Standby Letters of Credit—Issuers' Subrogation and Assignment Rights—Part II," 10 U.C.C.L.J. 38 (1978).

**4.** *Id.* at p. 50.

**5.** *See* Citytrust Exhibits 3 through 6.

tled to be subrogated to the rights of City-trust or to otherwise interfere with City-trust's rights under its first mortgage on the Galaxy property.

` It is So ORDERED.