BAILEY BROWN, Senior Circuit Judge.
 

 Claimant-Appellant Chemical Bank (Chemical) appeals a judgment of the United States District Court for the Eastern District of Tennessee which reversed a federal bankruptcy court decision in which Chemical was found to be a secured creditor under a deed of trust. Chemical now contends that the district court erred by determining that Chemical was merely a general unsecured creditor. Because we believe that Chemical is equitably subro-gated to the rights of the holder of the trust deed, we vacate the judgment of the district court and reinstate the judgment of the bankruptcy court.
 

 On March 31, 1981, Glade Springs, Inc. (debtor) executed and delivered a promissory note for $1,590,000.00 to the order of Kanawha Valley Bank (Kanawha). The note expressly stated that it was “secured by the unconditional, irrevocable letter of credit” from United American Bank (UAB), which had accordingly issued its letter of credit to the debtor with Kanawha as beneficiary. In return for UAB’s making of the letter of credit, the debtor delivered to UAB another promissory note for the amount available under the letter of credit ($1,631,604.22) “or, if lesser, so much thereof as may from time to time be drawn under the instrument in favor of Kana-wha. ...” As security for the UAB letter of credit and the note, the debtor also executed a deed of trust to UAB’s benefit for the aforementioned amount on some of its West Virginia realty.
 

 In response to UAB’s request for confirmation, Chemical soon after confirmed the UAB letter of credit favoring Kanawha, promising that it would honor all properly submitted drafts.
 

 UAB failed and the Federal Deposit Insurance Corporation (FDIC) became its receiver. The FDIC gave notice to the debt- or, Kanawha and Chemical that it rejected any and all claims related to letters of credit issued by UAB. Meanwhile, the
 
 *441
 
 debtor failed to pay Kanawha. On March 28, 1983, with neither UAB nor the FDIC ever paying Kanawha under the UAB letter of credit, Chemical, in accordance with its obligation as the confirming bank of the UAB letter of credit, paid the balance on the debtor’s note to Kanawha which then assigned the note to Chemical. Neither UAB, nor the debtor, nor the FDIC has paid Chemical any portion of the $558,-587.73 balance that Chemical paid Kana-wha.
 

 After the debtor filed a voluntary Chapter 11 petition in November of 1983, Chemical filed a secured claim for this balance. Both the debtor and the trustee of the bankruptcy estate of the holder of a second deed of trust in the West Virginia realty (Craig) objected to the claim of secured status.
 

 In its March, 1985 Memorandum and Order, 47 B.R. 780, the United States Bankruptcy Court for the Eastern District of Tennessee overruled the objection to the secured status of Chemical’s claim. The court concluded that Chemical was equitably subrogated to UAB’s rights under the first deed of trust. The court explained that “permitting the debtor to escape any obligation under its deed of trust, given to secure reimbursement of monies paid on its behalf under the UAB credit, simply because [the confirming bank] Chemical Bank, and not UAB, honored the credit is inequitable and unjust,” and would “effect a windfall, at Chemical’s expense.”
 
 [1]
 

 After Craig appealed, the district court reversed the bankruptcy court’s decision in January of 1986. The district court determined that because Chemical’s liability for payment to Kanawha arose from an independent and primary contractual obligation, and not a guaranty or suretyship, Chemical could have bargained for the lien held by UAB, but was
 
 not
 
 entitled to sub-rogation to it.
 

 In ruling against Chemical, the district court relied on
 
 In re Economic Enterprises,
 
 44 B.R. 230 (Bankr.D.Conn.1984), which held that the issuer of a letter of credit cannot invade the underlying contract/security agreement between the issuer’s customer (i.e., debtor) and the beneficiary under the letter of credit (i.e., Kanawha).
 
 [2]
 
 However, the
 
 Economic Enterprises
 
 holding is inapposite to the present facts since Chemical is not seeking subrogation to the beneficiary’s (Kanawha’s) rights. Chemical, as the confirming bank and having fully paid the beneficiary (Kanawha) on the UAB letter of credit, instead claims subro-gation to UAB’s senior lien under UAB’s deed of trust. In other words, the law under
 
 Economic Enterprises
 
 is that the issuing bank must not be subrogated to the rights of the beneficiary, thus supporting a policy encouraging the issuing bank to bargain for its own security with the debtor. But, that is not to say that a confirming bank, which enters a confirmation arrangement at the issuing bank’s request and pays the debt to the beneficiary, cannot be equitably subrogated to the rights of the issuing bank which did indeed get security from the debtor.
 
 [3]
 

 We must remember that the debtor gave this deed of trust as security in case UAB had to pay Kanawha under the letter of credit. If we conclude that Chemical’s payment is not secured, whereas UAB’s certainly would have been, then it seems that the debtor has fortuitously circumvented the exact security that it gave in case the
 
 *442
 
 letter of credit was called and the debt to Kanawha paid.
 

 Moreover, the Restatement of Restitution provides support for Chemical’s assertion that it be subrogated to UAB’s rights as a secured creditor. Section 162 comment b, entitled “Circumstances giving rise to subrogation,” states that a party, “under a duty to make payment” to the creditor and who “uses his property or his property is used in discharging the obligation of another or a lien upon another’s property ... is entitled to reimbursement and ... to the remedy of subrogation to obtain reimbursement.”
 
 Restatement of Restitution
 
 § 162 comment b (1937). Comment e of this section further provides:
 

 Where property of one person is used in discharging a lien upon the property of another, under such circumstances that he is entitled to subrogation, he can in equity enforce the rights and powers which the lien-holder had prior to the discharge of the lien....
 

 Id.
 
 at § 162 comment e.
 

 In this case, Chemical’s payment of the debt, which was compelled under the confirmation arrangement, extinguished the debtor’s (and UAB’s) obligation to pay the debt to Kanawha, and thus rendered the first deed of trust unenforceable by UAB. We believe that both logic and equity mandate Chemical’s enjoyment of the secured status that UAB, as lienholder, had under the first deed of trust.
 
 [4]
 

 Of course, Chemical could have better protected itself by taking an assignment of UAB’s deed of trust upon its confirmation. However, for the foregoing reasons, we hold that such a failure should not preclude invocation of the equitable subrogation doctrine in the present case.
 

 In sum, we believe that the thorough, well-reasoned opinion of the bankruptcy court correctly resolved the present dispute. Therefore, we vacate the judgment of the district court and reinstate the judgment of the bankruptcy court.
 

 [1]
 

 .The court noted that such subrogation would not unfairly prejudice the rights of junior lien-holders since the first deed of trust was properly recorded thus having put subsequent lienhold-ers on notice that they would
 
 not
 
 be first in line. We recognize that this dispute is not a typical subrogation case since Chemical is not seeking subrogation to the rights of the creditor it paid (Kanawha), but to the rights granted by the debtor to UAB, the issuing bank.
 

 [2]
 

 .
 
 Economic Enterprises
 
 involved a construction loan secured by a lien on the debtor’s property. The construction lender had conditioned the loan on the debtor’s acquisition of a letter of credit to the construction lender’s benefit. When the debtor defaulted on the construction loan, the issuing bank paid the construction loan, but was not allowed subrogation to the construction lender’s lien.
 

 [3]
 

 . We need not and do not decide whether
 
 Economic Enterprises
 
 was correctly resolved.
 

 [4]
 

 . It is without dispute that, as between Chemical and UAB, upon payment by Chemical, UAB owed Chemical. We need not address the question of whether the relationship between Chemical and UAB is a guaranty or surety arrangement since the Restatement permits subrogation regardless of the precise nature of the obligation of the issuing bank to the confirming bank.