**In re Bryan Cardon WHITE and Patricia Lynn White, Debtors.**

**Bankruptcy No. B–94–51146 C–13W.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

March 20, 1995.

James D. Wall, Winston–Salem, NC, for Carolina Telco Federal Credit Union.

Katharine Bringle as standing trustee.

## ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case is before the court for hearing on the objection by Carolina Telco Federal Credit Union ("Telco") to confirmation of the proposed plan of the debtors, Bryan and Patricia White. The proposed plan classifies the Telco claim as an unsecured claim and proposes to pay a dividend of twenty-five percent (25%) to Telco as an unsecured creditor. Telco filed its claim as a secured claim and objects on the grounds that the proposed plan does not comply with the requirements of § 1325(a)(5). Having concluded that Telco has an equitable lien on the debtors' automobile under the doctrine of equitable subrogation, the court will sustain Telco's objection to confirmation.

## FACTS

Bryan and Patricia White ("Debtors") financed the purchase of a 1994 Chevrolet Truck with First Citizens Bank and Trust Co. ("First Citizens"), and the lien was recorded on the certificate of title on March 31, 1994. On June 21, 1994, Mr. White applied for a loan to refinance the truck with Telco. The loan was approved, and on that same date, Telco wrote a check payable jointly to First Citizens and Mr. White. Mr. White and Telco agreed that the funds would be used to payoff the First Citizens lien, and Telco would be granted a first lien on the vehicle. First Citizens apparently was aware that the parties intended Telco to acquire a lien on the vehicle because First citizens forwarded the certificate of title to Telco with a notation releasing First Citizens' lien.

Mr. White agreed to sign the appropriate documents granting a first lien to Telco, but failed to properly effectuate the lien application because his wife, joint owner on the title, did not sign the application as required. On August 8, 1994, Telco informed Mr. White of the insufficiency of the application, and re-quested that he promptly and completely fill out the provided application. Mr. White did not respond. Telco again notified Mr. White on December 6, 1994 of the deficiency, and asked that he send in a correct lien application. Telco asked to hear from him "no later than December 19, 1994 regarding this matter." Telco further admonished, "Your prompt attention to this matter is most essential."

On December 19, 1994, Debtors filed Chapter 13. In Debtors' proposed plan, Telco's claim was to be treated as unsecured because its lien had not been properly recorded. Telco objected to confirmation on the grounds that it was entitled to have it's claim treated as fully secured under the doctrine of equitable subrogation. The trustee responded by moving to avoid any lien claim of Telco pursuant to his "strong arm" powers under § 544(a)(1).

## EQUITABLE SUBROGATION

Equitable subrogation is a remedy well established under North Carolina law. *Wallace v. Benner,* 200 N.C. 124, 131, 156 S.E. 795, 798–99 (1931). The North Carolina Supreme Court has recognized the general rule that:

One who furnishes money for the purpose of paying off an encumbrance on real or personal property, at the instance either of the owner of the property or of the holder of the encumbrance, either on the express understanding or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, will be subrogated to the rights of the prior lienholder as against the holder of an intervening lien, of which the lender was excusably ignorant.

*Peek v. Trust Co.,* 242 N.C. 1, 15, 86 S.E.2d 745, 755 (1955). The Court went on to state: "In order to invoke the equitable remedy of subrogation 'it is necessary both that the money should have been advanced for the purpose of discharging the prior encumbrance, and that it should actually have been so applied.'" *Id.* at 15–16, 86 S.E.2d at 756.

In the case at bar, it is undisputed that Telco advanced funds to Debtors, and the evidence shows that the parties intended Telco to receive a first lien on the property. The check was made out jointly to Debtors and First Citizens. First Citizens forwarded the certificate of title to Telco, not to Debtors. Furthermore, since Telco's check was made payable jointly to Debtors and First Citizens, it is clear that the funds were intended to retire, and in fact did retire, the existing lien on the truck. Therefore, under the doctrine of equitable subrogation as applied in North Carolina, Telco is entitled to an equitable lien on Debtors' vehicle.

The fact that First Citizens released the lien has no effect on Telco's right to equitable subrogation or Telco's standing as a first lienholder. Equitable subrogation treats the extinguished obligation "as still subsisting for the benefit of [the provider of the funds], who is thus substituted to the rights, remedies, and securities of another." *Peek v. Trust Co.*, 242 N.C. at 15, 86 S.E.2d at 755. *See also In re Glade Springs, Inc.*, 826 F.2d 440 (6th Cir.1987) (citing RESTATEMENT OF RESTITUTION § 162 comment e (1937), for the proposition that "[w]here property of one person is used in discharging a lien upon the property of another, under such circumstances that he is entitled to subrogation, he can in equity enforce the rights and powers which the lien-holder had prior to the discharge of the lien.").

Trustee argues that any equitable lien to which Telco is entitled under the doctrine of subrogation is nevertheless subordinate to Trustee's "strong arm" powers under 11 U.S.C. 544(a)(1).[1] This argument must fail.

"The extent of a bankruptcy trustee's strong-arm powers is defined by the law of the situs where the subject property is located." *Rinn v. First Union National Bank of Maryland*, 176 B.R. 401, 408 (D.Md.1995). The Fourth Circuit has stated that § 544:

gives the Trustee the status of a hypothetical lien creditor ... but, while it is the federal law which provides the trustee with his 'strong arm' power, his exercise of such power and its extent are governed entirely by the applicable state law. [citations omitted] Specifically such section confers on the trustee no 'greater rights than those accorded by the applicable [state] law to a creditor holding a lien by legal *or equitable* proceedings.

*Havee v. Belk*, 775 F.2d 1209, 1218–19 (1985) (emphasis added). *See also Rinn*, 176 B.R. at 412 (Congress did not intend to transform the Trustee into a "super priority" creditor.).

Under North Carolina law, it is clear that Telco is entitled to a lien on Debtors' automobile. Since First Citizens lien is deemed to still exist for the benefit of Telco, and the lien was previously properly perfected by First Citizens, Telco has a properly perfected first lien on Debtors' truck. *See Peek*, 242 N.C. at 15, 86 S.E.2d at 755 ("The party who is subrogated is regarded as entitled to the same rights, and indeed as constituting one and the same person with the creditor whom he succeeds."). Furthermore, as a hypothetical judicial lien creditor, Trustee's rights are subordinate to a properly perfected security interest. N.C. GEN.STAT. § 25–9–301 (1979).

For the reasons stated herein, this court concludes that Telco is entitled to an equitable lien on Debtors' 1994 Chevrolet Truck. It is, therefore, ORDERED that:

1. 11 U.S.C. 544(a)(1) gives the trustee the rights and powers of:

   a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists.

   It is important to note the distinction between § 544(a)(1) and § 544(a)(3). Section 544(a)(1) gives the trustee the status of a hypothetical lien creditor as to the debtor's *personal* property. Section 544(a)(3), however, gives the trustee the status of a bona fide purchaser of *real* property. Since the case at bar concerns personal property, § 544(a)(1) is at issue, and the rights of the trustee are those of a lien creditor, not a bona fide purchaser. *See In re Bridge*, 18 F.3d 195, 200 (3rd Cir.1994) (holding that an equitable lien created by subrogation in real property would be defeated by the trustee's "strong arm" powers because, "[a]s legal title holder of the real property, a bona fide purchaser holds a supervening interest").

(1) Telco's objection to Debtors' plan is sustained;  and

(2) Telco's proof of claim for a secured interest in Debtors' truck is allowed.