**In re A & N LUMBER CO.**

**No. 00–11263 C 7.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

Feb. 16, 2001.

Rayford K. Adams, III, Greensboro, NC, for debtor.

Robert E. Boydoh, Jr., Greensboro, NC, Hilda Baker Burnett, Raleigh, NC, Gregory Chocklett, Raleigh, NC, Bonnie Kay Donahue, Winston-Salem, NC, James S. Livermon, III, Rocky Mount, NC, Jan H. Samet, High Point, NC, Scott M. Tyler, Charlotte, NC, for creditor.

Bruce Magers, Winston-Salem, NC, for trustee.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

This matter came on for hearing before the undersigned Bankruptcy Judge on February 1, 2001, in Greensboro, North Carolina, after due and proper notice, upon the Motion for Relief from Stay filed by CIT Group Equipment Financing, Inc., as servicing agent for Hyster Credit Compa-

ny, (the "Creditor"). Appearing before the court were Gregory Chocklett, on behalf of the Creditor, and Bruce Magers, the Chapter 7 Trustee.

This court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), (K) and (O) which this court may hear and determine.

After reviewing the file and considering the arguments of counsel for the Creditor and the Chapter 7 Trustee, this court makes the following:

## FINDINGS OF FACT

1. On or about May 30, 2000, A & N Lumber Co. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. On November 7, 2000, an Order was entered converting the case from Chapter 11 to Chapter 7 and appointing Bruce Magers as the Chapter 7 Trustee.

2. On or about June 17, 1997, the Debtor entered into a Retail Installment Contract (the "Contract"), whereby the Creditor's predecessor in interest financed the purchase of a Hyster Model H2880XL fork lift, with attachments and accessories (the "Collateral"), Serial No. E007D01686P. The Contract gave the Creditor's predecessor in interest a security interest in the Collateral.

3. When the Contract was executed, the Debtor's address was 8811 New Hope Road, Denton, North Carolina 27239. The address was included on the top left-hand corner of the Contract.

4. Although a portion of New Hope Road in Denton, North Carolina lies in Davidson County, the Debtor's location at 8811 New Hope Road lies in Randolph County.

5. On or about August 28, 1997, the Creditor filed a UCC–1 financing statement with the Register of Deeds for Davidson County, North Carolina and the North Carolina Secretary of State.

6. The Debtor was in default on payments under the Contract when the bankruptcy petition was filed, and the Debtor has not made any payments since the filing.

7. The Creditor filed a proof of claim on September 12, 2000, asserting a secured claim in the amount of $27,942.65 and that the wholesale value of the collateral in its present condition is $20,000.00.

8. On January 4, 2001, the Creditor filed a Motion for Relief from Stay as to the Collateral alleging that the Debtor has no equity in the collateral.

9. The Debtor did not oppose the relief sought in the Creditor's motion. However, the Chapter 7 Trustee opposed the relief sought on the grounds that the Debtor is located in Randolph County, not Davidson County, and that the filing of UCC–1 financing statement with the Davidson County Register of Deeds and the North Carolina Secretary of State did not perfect the Creditor's security interest in the Collateral in the manner required by Article 9–401(1)(c) of the Uniform Commercial Code. N.C.G.S. § 25–9–401(1)(c).

## DISCUSSION

Section 544(a) of the Bankruptcy Code, referred to as the "strong arm clause", gives the Chapter 7 Trustee the rights and powers of (1) a creditor on a simple contract with a judicial lien on the debtor's property as of the date of the petition; (2) a creditor with a writ of execution against the property of the debtor that is unsatisfied as of the date of the

petition; and (3) a bona fide purchaser of the debtor's real property as of the date of the petition. 11 U.S.C. § 544(a). The substance of the Trustee's rights and powers under section 544(a), which may result in the avoidance of liens, is determined by applicable state law. *In re Surplus Furniture Liquidators, Inc. of High Point*, 199 B.R. 136, 144 (Bankr.M.D.N.C.1995). Specifically, the Trustee's strong-arm powers are defined "by the law of the situs where the subject property is located." *In re White*, 183 B.R. 713, 715 (Bankr. M.D.N.C.1995) (quoting *Rinn v. First Union National Bank of Maryland*, 176 B.R. 401, 408 (D.Md.1995)); *see also American Bankers Ins. Co. of Florida v. Maness*, 101 F.3d 358, 363 (4th Cir.1996) (in bankruptcy cases, the nature and extent of property interests held by debtors and creditors is normally a matter of state law).

The property at issue is located in North Carolina. It is the Trustee's position that under the law of North Carolina, the Trustee's rights and powers are superior to those of the Creditor.

■ Pursuant to North Carolina law, the Creditor failed to perfect its security interest in the collateral. N.C.G.S. § 25–9–401 provides that except in certain narrow exceptions set forth in §§ 25–9–401(1)(a) and (b), the proper place to file financing statements to perfect a security interest in collateral is "... in the office of the Secretary of State and in addition, if the debtor has a place of business in only one county of this State, also in the office of the register of deeds of such county." The Creditor erroneously filed its UCC–1 financing statement in Davidson County when the Debtor's business was actually located in Randolph County; therefore, the Creditor's security interest in the Collateral was unperfected when the Debtor's petition was filed.

N.C.G.S. § 25–9–301, entitled **"Persons who take priority over unperfected security interests; rights of 'lien creditor,'"** states that, subject to an exception not relevant here, an unperfected security interest is subordinate to the rights of "a person who becomes a lien creditor before the security interest is perfected." N.C.G.S. § 25–9–301(1)(b). Section 25–9–301(3) defines "lien creditor" as follows:

A "lien creditor" means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes ... a trustee in bankruptcy from the date of the filing of the petition ...

N.C.G.S. § 25–9–301(3).

It has been consistently held that where a financing statement is filed in the wrong place, a security interest in a bankrupt's property is not perfected and is subordinate to a bankruptcy trustee's rights. *In re Jerome*, 31 B.R. 266, 268 (Bankr. D.Vt.1983) (citing *In Re Baker*, 4 U.C.C.Rep. 723, 1967 WL 8842 (Ref. in Bankruptcy, E.D.Wis.1967); *In Re Scholl*, 6 U.C.C.Rep. 1116, 1969 WL 11092 (Ref. in Bankruptcy, W.D.Wis.1969); *In Re Roy*, 21 U.C.C.Rep. 325, 1977 WL 25555 (Ref. in Bankruptcy, N.D.Ala.1977); *In Re Pelletier*, 5 U.C.C.Rep. 327, 1968 WL 9235 (Ref. in Bankruptcy, 1968)).

■ The Creditor contends that pursuant to N.C.G.S. § 25–9–401(2), since the improper filing was made in good faith, it is nevertheless effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of the financing statement. While that may be true as between the Creditor and the Debtor, or other parties taking a security interest with knowledge of the filing, the filing is not effective against a Chapter 7 Trustee. Section 544(a) of the Bankruptcy Code expressly provides that the status of a lien creditor is

granted to the trustee "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a); *see Ganje v. Telford (In re Rhine),* 22 B.R. 42, 44 (Bankr.D.S.D.1982); *Togut v. Wapnick (In re Karachi Cab Corp.),* 21 B.R. 822 (Bankr.S.D.N.Y.1982) (trustee in bankruptcy has the status of a lien creditor without notice).

 Likewise, the Creditor's argument that it "substantially complied" with the filing requirements by filing with the Secretary of State is not persuasive. N.C.G.S. § 25-9-402(8) states that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." However, the court believes that this "substantial compliance" provision refers to errors in the contents of the financial statement (e.g., description of collateral, name and signature of debtor) rather than the place of filing. Filing in the wrong county is not a "minor error" in the court's view. North Carolina has adopted a "notice filing" system. *Evans v. Everett,* 279 N.C. 352, 183 S.E.2d 109 (1971). The purpose of a financing statement is to provide notice to third parties of the relationship between the debtor and creditor. *Mountain Farm Credit Serv. v. Purina Mills, Inc.,* 119 N.C.App. 508, 459 S.E.2d 75

(1995). Allowing a creditor to "substantially comply" with the statutory requirements by filing in the wrong county would defeat the underlying purpose of the "notice filing" system.

N.C.G.S. § 25-9-401 clearly required the Creditor to file the financing statement with *both* the Secretary of State and the Register of Deeds for Randolph County. The Creditor failed to comply with the statutory requirements and therefore did not have a perfected security interest when the Debtor filed its petition.[1] If the Trustee takes the appropriate steps to assert its interest in the Collateral, the Trustee's lien will be superior to the Creditor's security interest and the Creditor will not be entitled the relief requested. The Trustee shall have sixty (60) days within which to commence an adversary proceeding.[2]

Therefore, it is ORDERED, ADJUDGED AND DECREED that the Creditor's Motion for Relief from Stay is hereby denied and the Trustee shall have sixty (60) days within which to commence an adversary proceeding.

---

1. Creditor further contends that it is entitled to the Collateral because it holds an "equitable lien" or is entitled to a "constructive trust" under North Carolina law. While these equitable remedies are recognized in North Carolina, the court does not believe the facts and circumstances in this case warrant the imposition of an "equitable lien" or a "constructive trust" so as to allow the Creditor to prevail over the Trustee. *See In re Surplus Furniture Liquidators, Inc. of High Point,* 199 B.R. 136 (Bankr.M.D.N.C.1995) (recognizing existence of equitable liens and constructive trusts in North Carolina in limited circumstances).

2. The Trustee has authority under section 544 to avoid the transfer of the unperfected security interest from the Debtor to Hyster Credit. An adversary proceeding is required under Rule 7001. *See In re Reasonover,* 236 B.R. 219 (Bankr.E.D.Va.1999) (Bankruptcy trustees routinely use their avoidance powers to set aside unperfected security interests and unrecorded conveyances, even though such security interests and conveyances could be enforced against the debtor under state law.)