In re Gordon Lee RHINE and Marinell (NMN) Rhine, Debtors.

David L. GANJE, Trustee in Bankruptcy, Plaintiff,

v.

James L. TELFORD; Gordon Lee Rhine, a/k/a Lee Rhine; State of South Dakota by and through its Department of Revenue and Department of Labor; Pierre General Rental Center; Dakon, Incorporated; and Oahe Federal Credit Union, Defendants.

Bankruptcy No. 382–00020.
Adv. No. 382–0019.

United States Bankruptcy Court,
D. South Dakota.

July 30, 1982.

David L. Ganje, Aberdeen, S. D., for plaintiff.

David L. Bergren, Bergren & Duffy, Fort Pierre, S. D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The Trustee filed a complaint to sell free and clear of liens, for transfer of liens to proceeds, and to avoid unperfected security interests. This adversary proceeding came on for trial before the undersigned Bankruptcy Judge on June 9, 1982. The Court heard the evidence and arguments of counsel and, being fully informed and advised, finds as follows:

Plaintiff is the duly appointed Trustee in Bankruptcy for the Estate of Gordon Lee Rhine and Marinell (NMN) Rhine who filed a Chapter 7 petition on March 5, 1982.

The sole objecting creditor remaining after trial and Court approval of a stipulation of the parties is Defendant Oahe Federal Credit Union.

Debtors granted Defendant a security interest in certain collateral of Debtors'.

On or about October 28, 1981, Defendant filed a financing statement with the Hughes County Register of Deeds in Pierre, South Dakota, covering all accessories, parts, and equipment used in Debtors' business in Pierre, South Dakota.

Defendant did not file a financing statement with the Secretary of State for the State of South Dakota.

The issue before the Court is whether the Trustee, as a hypothetical lien creditor, cuts off the rights of a creditor who files a financing statement in the wrong place.

■ Section 544 of the United States Bankruptcy Code (11 U.S.C. § 544) is the controlling legislation upon which this case is decided. Characteristically termed as the strong-arm clause of the Code, it provides a bankruptcy trustee with the status and powers of a judicial lien creditor, a creditor holding an execution returned unsatisfied. *See* analysis of S. 2266, S.Rep.No.95–989, 95th Cong., 2d Sess. 85 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The extent, however, of the trustee's powers, rights, and remedies are measured by the substantive law of the jurisdiction governing the property in question. 4 *Collier on Bankruptcy*, 15th ed., ¶ 544.02, pp. 544–8. The jurisdiction in the instant case is South Dakota.

■ Under the law of South Dakota, a lien creditor takes priority over the unperfected security interest. S.D.C.L. 57A–9–301(3). Likewise, the trustee in bankruptcy, from the date of filing the petition, takes priority over the unperfected security interest. *First Nat'l Bank v. Turley*, No. 82–5020, slip op. at 4 (D.S.D. May 13, 1982). There is no dispute but that the creditor did not perfect its security interest by filing the financing statement in the office of the Secretary of State as required by S.D.C.L. 57A–9–401(1)(c). However, the creditor contends that the good faith filing in the office of the Hughes County Register of Deeds is effective against any other creditor having knowledge of such filing. S.D.C.L. 57A–9–401(2). Further, if all creditors had knowledge, then that knowledge would be imputed to the Trustee and thereby prohibit the Trustee's avoidance of the creditor's unperfected interest. S.D.C.L. 57A–9–301(1)(b) and 301(3).

■ There was some controversy under the former Section 70(c) of the Bankruptcy Act of 1898 and the 1962 version of the Uniform Commercial Code. S.D.C.L. 57A–9–301(1)(b) and 301(3) are the 1962 version

of U.C.C. §§ 9–301(1)(b) and 301(3) (1962 Approved Draft). That version of the U.C.C. grants priority to the lien creditor only if that creditor obtained the interest without knowledge of the unperfected security interest. That 1962 version also imputes knowledge to the trustee if all creditors of the estate had knowledge of the security interest. *City of Vermillion, S. D. v. Stan Houston Equipment Co.,* 341 F.Supp. 707, 712 (D.S.D.1972). However, the Bankruptcy Reform Act of 1978 expressly contradicts this provision, stating that the status of a lien creditor granted to the trustee is "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). The status of the trustee and the conditions under which such status is attained are federal questions governed by the Bankruptcy Code. *Commercial Credit Co., Inc. v. Davidson,* 112 F.2d 54 (5th Cir. 1940). *See also Robbins v. Bostian,* 135 F.2d 298 (8th Cir. 1943). Therefore, Section 544 of the Bankruptcy Code effectively pre-empts contrary state law found in the 1962 version of the Uniform Commercial Code codified in South Dakota at S.D.C.L. 57A–9–301.[1]

For the foregoing reasons, it is the judgment of this Court that Defendant Oahe Federal Credit Union held an unperfected security interest in Debtors' equipment, and the Trustee, Plaintiff herein, may avoid such interest pursuant to his powers vested through 11 U.S.C. § 544(a). Defendant Oahe Federal Credit Union is an unsecured creditor. The sale free and clear of any lien of Oahe Federal Credit Union, as proposed by the Trustee, is granted.

This Memorandum Decision constitutes Findings of Fact and Conclusions of Law. An appropriate order shall enter.

---

1. Though not effective for the purpose of this decision, as the South Dakota Legislature repealed the contradictory state law effective July 1, 1982. S.D.C.L. 57A–9–301(3) (Supp. 1982).