**In re Lester G. & Fern M. CORDES, Debtors.**

**CENTRAL NATIONAL BANK OF STERLING, Plaintiff,**

v.

**Daniel M. DONAHUE, Trustee of the Estate of Lester G. and Fern M. Cordes, Defendant.**

**Bankruptcy No. 85 B 20392. Adv. No. 85 A 2096.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Oct. 10, 1986.

Bernard Natale, Rockford, Ill., for plaintiff.

Daniel Donahue, Rockford, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of the First National Bank of Sterling (Bank) for Turnover. The Trustee, Attorney Daniel M. Donahue, represents himself. The Central National Bank of Sterling (Bank) is represented by Attorney Bernard J. Natale.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Prior to filing for relief under Chapter 7 of the Code on March 29, 1985, the Debtors received a number of bushels of corn through the Federal Government Payment-In-Kind (PIK) program. The PIK program pays a farmer, in grain, for abstaining from producing grain on his own land. The Bank has a security interest in all of the Debtors' "livestock, crops, growing crops and products, proceeds and contract rights associated therewith; all farm machinery and equipment, and any proceeds thereof." A Uniform Commercial Code Financing Statement was duly recorded in Whiteside County. The Trustee sold the corn and the Bank has filed the present suit for turnover of those funds.

Illinois Revised Statutes, Chapter 26, Section 9–401(1) provides:

Section 9–401. Place of Filing; Erroneous Filing; Removal of Collateral. (1) The proper place to file in order to perfect a security interest is as follows:

(a) when the collateral is equipment used in farming operations, or farm products, or accounts or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the recorder in the county of the debtor's residence or if the debtor is not a resident of this State then in the office of the Recorder of Deeds in the county where the goods are kept, and in addition when the collateral is crops growing or to be grown in the office of the Recorder of Deeds in the county where the land is located;

\* \* \* \* \* \*

(c) in all other cases, in the office of the Secretary of State.

Ill.Rev.Stat. Ch. 26, Section 9–401(1). The Trustee argues that the Bank did not properly perfect its lien in the PIK proceeds, and that the lien therefore is avoidable pursuant to Section 544(a) of the Code. 11 U.S.C. Section 544(a).

The place for filing to perfect a security interest in PIK proceeds is a question of first impression in Illinois and the Seventh Circuit. The issue, narrowly stated, is whether PIK contracts are "general intangibles arising from or relating to the sale of farm products by a farmer...."

In the recent case of *In re Schmaling*, 783 F.2d 680 (7th Cir.1986), the Seventh Circuit addressed the question of whether the proceeds of corn obtained through a PIK contract were proceeds from the sale

of crops or revenues from a general intangible.[1] The court observed that:

> For something to be "proceeds" of crops, therefore, it must be received upon their "sale, exchange, collection or other disposition." U.C.C. Section 9–306(2); *In re Connelly*, 41 B.R. 217, 220 (Bankr.D.Minn.1984) ("The term [proceeds] is meant to include anything that is received in consequence of the disposition of collateral."); J. White & R. Summers, Treatise On The Uniform Commercial Code Section 24–6, at 1011 (2d ed. 1980). But in the instant case there was never a crop of which to dispose. No corn was grown on the Schmalings' real estate. One condition for participating in the PIK program was that individuals not plant a crop.

783 F.2d at 682, 683. The court concluded that payments under a PIK contract were revenues from a general intangible and not proceeds from the sale of crops.

The Illinois statute requires that in order to perfect a security interest in a general intangible which arises from or relates to the sale of farm products by a farmer, a financing statement must be filed in the county of the debtor's residence. The PIK contract does not arise from the sale of farm products, nor is it related to the sale of farm products. Rather, it arises because of or relates to the forebearance from growing farm products.

Had the farmer received cash through the PIK program, a lien would be perfected by filing with the Secretary of State. IRS Ch. 26 Section 9–401(1)(c). The fact that the farmer receives a commodity to sell at market instead of cash should not change the result. The corn sold by the Trustee was not grown by the Debtors, but by someone else.

 The filing requirement of Section 9–401(1)(a) is intended to encompass those transactions which allow the farmer to finance his continuing operations by pledging his equipment or the products of his labor. These transactions are peculiarly local in nature since the lender and the collateral are usually located in the same or adjoining counties. Ill.Rev.Stat. Ch. 26, Section 9–401, U.C.C. Comments 3 and 4. On the other hand, when a farmer enters into a PIK contract, the grain is not located at the farmer's storage areas. If the farmer assigns his rights under the contract or grants a security interest in the grain, the grain may never become physically located at the farmer's storage areas. The granting of an interest in PIK contracts is not the essentially local transaction contemplated by Section 9–401(1)(a). Therefore, in order to perfect an interest in a PIK contract, the creditor must file a financing statement in the office of the Secretary of State.

 The Trustee's status as a judgment lien creditor under Section 544(a) may produce harsh results. See, for instance, *In re Lintz*, 655 F.2d 786 (7th Circuit Court of Appeals, 1981); and *In re Rhine*, 22 B.R. 42 (Bkrtcy.S.D.1982). It is not a question of good faith, nor of what was intended. It is a question of whether there was compliance with the statute. Here, there was not.

On the basis of the foregoing, the lien of the Bank should be avoided and the Bank's request for Turnover should be DENIED.

IT IS SO ORDERED.

---

**1.** The parties have agreed that the present security agreement covers the PIK proceeds. Given the holding in *Schmaling*, this Court is not so sure. Nevertheless, the issue does not need to be addressed here.