James Franklin O'BRIANT, et al., Appellants,

v.

SWEETWATER PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 11–87–076–CV.

Court of Appeals of Texas, Eastland.

Jan. 14, 1988.

Rehearing Denied March 17, 1988.

Charles Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

Bradley C. Miles, San Angelo, C. Michael Ratliff, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, for appellee.

## Opinion

ARNOT, Justice.

The central issue in this case is whether a security interest in the proceeds from a payment-in-kind contract should have been filed in the office of the county clerk or in the office of the Secretary of State.

James Franklin O'Briant owned certain lands located in Fisher County which he had leased to his former son-in-law, James Audus Rowland, Jr., and his grandson, Steven Craig Rowland, for farming purposes. The Rowlands, residents of Fisher County,

executed six payment-in-kind (PIK) contracts with Plains Cotton Cooperative Association. In exchange for not planting a particular crop and adhering to a government conservation program for the idle land, the Rowlands were to receive payments under the PIK contracts. O'Briant originally brought suit against the Rowlands and Plains Cotton seeking the proceeds under the PIK contracts which he alleged the Rowlands assigned to him. Sweetwater Production Credit Association (SPCA) entered the lawsuit as a result of a cross-complaint filed by Plains Cotton.[1] SPCA asserted that it had been assigned the rights under the six PIK contracts. Both O'Briant and SPCA filed motions for summary judgment, each alleging a superior claim to the PIK proceeds as a matter of law. The trial court granted summary judgment in favor of SPCA. O'Briant and the Rowlands appeal. We reverse and render.

The stipulated evidence establishes that on February 8, 1982, the Rowlands executed a promissory note and a security agreement to SPCA assigning any and all benefits the Rowlands received from any Government Farm Programs for the years 1982 and 1983. On March 4, 1982, an amendment to a prior financing statement involving the Rowlands and SPCA was filed in the office of the Fisher County Clerk. The Rowlands executed the six PIK contracts with Plains Cotton on March 29, 1983. Later, on April 21, 1983, the Rowlands executed a promissory note to O'Briant and entered into a contract assigning to O'Briant their 1983 PIK contracts. On March 13, 1984, a financing statement involving the Rowlands and O'Briant was filed in the office of the Secretary of State.

The issue on appeal is "where was the proper place to file" the security agreements involving these PIK proceeds.[2] TEX.BUS. & COM.CODE ANN. sec.

---

1. Plains Cotton tendered the disputed proceeds under the PIK contracts into the registry of the trial court. An order was later entered dismissing Plains Cotton from the suit.

2. It is undisputed that the proceeds from the six PIK contracts are benefits from a Government Farm Program under the 1982 assignment from the Rowlands to SPCA.

9.401(a) (Vernon 1968) (amended 1973)[3] provided that:

(a) The proper place to file in order to perfect a security interest is as follows:

(1) when the collateral is equipment used in farming operations, or farm products, or accounts, or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the County Clerk in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the County Clerk in the county where the goods are kept, and in addition when the collateral is crops growing or to be grown in the office of the County Clerk in the county where the land is located;

\* \* \* \* \* \*

(3) in all other cases, in the office of the Secretary of State.

O'Briant argues that PIK proceeds are general intangibles and that the proper place to file was the office of the Secretary of State pursuant to Section 9.401(a)(3). Therefore, O'Briant contends that he perfected his security interest first with his 1984 filing in the office of the Secretary of State. SPCA contends that PIK proceeds are "general intangibles arising from or relating to the sale of farm products by a farmer" and that recordation is proper in the office of the county clerk under Section 9.401(a)(1). Therefore, SPCA contends that its 1982 amended financial statement filed in the office of the Fisher County Clerk perfected its security interest. Both O'Briant and SPCA agree that there are no Texas cases dealing with this issue.

The case of *In re Cordes*, 65 B.R. 678 (Bankr.N.D.Ill.1986), addresses the issue before us. In *Cordes*, the debtors had received bushels of corn in return for their participation in the PIK program. The corn was sold, and a bank which held a security interest in the debtors' agri-cultural products, proceeds, and equipment sued to recover the proceeds from the sale of PIK program corn. The court, rejecting the bank's argument that the PIK corn should be classified as "general intangibles arising from or relating to the sale of farm products by the farmer," stated:

The Illinois statute [ILL.REV.STAT. ch. 26, sec. 9–401(1)] requires that in order to perfect a security interest in a general intangible which arises from or relates to the sale of farm products by a farmer, a financing statement must be filed in the county of the debtor's residence. The PIK contract does not arise from the sale of farm products, nor is it related to the sale of farm products. Rather, it arises because of or relates to the forebearance from growing farm products.

*Had the farmer received cash through the PIK program, a lien would be perfected by filing with the Secretary of State.* IRS Ch. 26 Section 9–401(1)(c) [which contains language identical to TEX.BUS. & COM.CODE ANN. sec. 9.401(a)(3)]. The fact that the farmer receives a commodity to sell at market instead of cash should not change the result. The corn sold by the Trustee was not grown by the Debtors, but by someone else. (Emphasis added)

The filing requirement of Section 9–101(1)(a) is intended to encompass those transactions which allow the farmer to finance his continuing operations by pledging his equipment or the products of his labor. These transactions are peculiarly local in nature since the lender and the collateral are usually located in the same or adjoining counties. Ill.Rev. Stat. Ch. 26, Section 9–401, U.C.C. Comments 3 and 4. On the other hand, when a farmer enters into a PIK contract, the grain is not located at the farmer's storage areas. If the farmer assigns his rights under the contract or grants a security interest in the grain, the grain

---

**3.** Effective September 1, 1985, and not applicable to this lawsuit, Section 9.401(a)(1) was amended by deleting the phrases "equipment used in farming operations, or farm products, or accounts or general intangibles arising from or relating to the sale of farm products by a farmer, or" and "and in addition when the collateral is crops growing or to be grown in the office of the County Clerk in the City where the land is located."

may never become physically located at the farmer's storage areas. The granting of an interest in PIK contracts is not the essentially local transaction contemplated by Section 9–401(1)(a). Therefore, in order to perfect an interest in a PIK contract, the creditor must file a financing statement in the office of the Secretary of State.

In the present case, the Rowlands agreed not to plant crops when they entered into the PIK contracts. The proceeds due under the PIK contracts constituted proceeds for their compliance with the contracts, not proceeds "arising from or relating to the sale of farm products by a farmer." See *Matter of Schmaling*, 783 F.2d 680 (7th Cir.1986). Therefore, a PIK contract is a general intangible type of collateral, and the proper place to file was in the office of the Secretary of State pursuant to Section 9.401(a)(3).

O'Briant properly perfected his interest in the PIK proceeds; therefore, his interest has priority over SPCA's interest. TEX. BUS. & COM.CODE ANN. sec. 9.306 (Vernon Supp.1988). O'Briant has established a superior interest as a matter of law. His first and second points are sustained.

The judgment of the trial court is reversed, and this Court renders judgment that James Franklin O'Briant's security interest is superior to the Sweetwater Production Credit Association's interest.