**In re Vernon E. WINTERROTH, Deanna Winterroth, Debtors.**

**Bankruptcy No. 88–90382.**

United States Bankruptcy Court, C.D. Illinois, Danville Division.

Nov. 8, 1988.

Rick Kurth, Danville, Ill., for debtors.

David Rosenthal, Chicago, Ill., for trustee.

Jerome Lyke, Champaign, Ill., for Farm Credit Bank.

Duane O'Connor, Kankakee, Ill., for First of America Bank.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter is before the Court on the Objections to Confirmation filed by Farm Credit Bank of St. Louis and First of America Bank of Kankakee—N.A. (Bank). There having been a hearing held on these objections on October 3, 1988, wherein the parties presented testimony and documentary evidence. The parties were given time to brief the issues; the last of these briefs was received October 24, 1988. The Court, having heard the arguments of counsel and considered written briefs of the parties, finds as follows:

### I.

The Farm Credit Bank has three objections to confirmation of the Debtors' Chapter 12 plan; those being that:

(1) The amended plan proposes payments on a value of the collateral which is less than the fair market value of the collateral.

(2) The Debtors engaged in an alleged fraudulent conveyance and the amended plan fails to include the subject real estate as property of the bankruptcy estate.

(3) Payments which Deanna Winterroth receives on a contract sale of a remainder interest in real estate are not included in the amended plan.

As to the Farm Credit Bank's first objection, the Court heard the testimony of real estate appraisers Roland Rosenboom and Donald Nelson as to the value of debtors' 160 acres of farmland. Additionally, the Court has reviewed the written appraisals prepared by each appraiser. Based upon the evidence before it, the Court has determined that the value of Debtors' farm land is $212,000. The Court, in reviewing the written appraisals, determined that the appraisal of Donald Nelson was thorough and complete and, as such, represented an accurate value of the land in question. The Court could not accept the comparable sale used by Mr. Rosenboom as being a true, representative indication of value due to the fact that the sale was by public auction and, as Mr. Rosenboom admits in his appraisal, a public auction which could have been better publicized.

In considering the Farm Credit Bank's second objection, the Court has reviewed the letter to the Trustee by the Farm Credit Bank, the memoranda of the Debtors and the Trustee, and the arguments of counsel. This matter is governed by 11 U.S.C. § 544(b) and Bankruptcy Rule 7001. In order for the issue of an alleged fraudulent conveyance to be decided by the Court, an adversary proceeding must be filed by the Trustee, and it appears to the Court that § 544(b) would be the necessary vehicle in this case as § 548 does not apply given the timing of the conveyances in question. As such, the Court is not in a position to rule on the validity or impact of the alleged fraudulent conveyances absent the filing of an adversary proceeding by the Trustee or some other party in his place.

Finally, the Court has considered the third objection of the Farm Credit Bank and, in so doing, the Court has reviewed the amended plan of the debtors and the debtors' schedules. The Court cannot locate any indication that the income which Deanna Winterroth is to receive from a contract for the sale of a remainder interest to her father dated April 16, 1986, is included in the amended plan. The Court can see no reason why this income should not be included in the plan and, as such, it

finds that said income should be made available for inclusion in debtors' proposed reorganization.

## II.

■ Next, the Court considers the objection by First of America Bank of Kankakee —N.A. (Bank) in which it alleges that it has perfected security interests in the following collateral of the debtor: (1) $1,750 invested in growing crops; (2) $3,930 in bean and oat inventory; (3) $6,700 in PIK Certificates; and (4) $8,520 as a balance of the debtors' 1987 U.S. Government deferred payment program. The Bank argues that plan payments to it should be based upon and include the value of the above-listed collateral. The Bank also objects to the Debtors taking a credit for a payment of $12,000 if such payment is intended to be made prior to the approval of Debtors' amended plan by the Court.

In considering the Bank's objections, the Court has reviewed the pleadings, the briefs submitted by the Bank and the Farm Credit Bank, and also the documentary evidence provided by the Bank. From its review, the Court has determined that it is clear that the Bank has perfected security interests in the $1,750 invested in growing crops, the $3,930 in bean and oat inventories, and the $8,520 balance of the Debtors' 1987 U.S. Government deferred payment program. These items are clearly contained on the Debtors' financial statement to the Bank and are included in the UCC–I financing statements which the Bank properly recorded in the counties of Ford, Kankakee, and Livingston. Given the Bank's obvious perfected interest in the above-listed collateral, the Debtors must include the value of same in their plan of reorganization and make payment on said value pursuant to 11 U.S.C. § 1225.

■ As to the interest which the Bank claims in the $6,700 in PIK Certificates, there is a question as to the proper perfection of the Bank's interest. The Bank argues that the recording of UCC–I financing statements in the counties where debtors farm is proper. The Farm Credit Bank argues that proper perfection can only be achieved by filing with the Illinois Office of the Secretary of State. In support of this argument, the Farm Credit Bank cites *In re Schmaling*, 783 F.2d 680 (7th Cir.1986), and *Central National Bank of Sterling v. Donahue*, 65 B.R. 678 (Bankr.N.D.Ill.1986), both of which indicate that to perfect a security interest in payment in kind contracts, a creditor must file its financing statements in the Office of the Secretary of State. The Bank attempts to distinguish these cases under the 1983 PIK program as being different from the 1987 program in question. The Court is unimpressed with the Bank's argument and finds that the only difference between the 1983 program and the 1987 program is that in 1983 farmers were paid in grain and in 1987 they were paid in certificates which could be converted to cash. This difference is not sufficient to change the filing requirements called for in *Schmaling* and *Donahue*. As the Court notes in *Donahue*, even had the farmer received cash through the 1983 PIK program, a creditor's lien would be perfected by filing with the Secretary of State. The *Donahue* Court saw no difference between the farmer receiving a commodity to sell or cash. The basis for both the 1983 and 1987 programs was that the farmer agrees not to plant a crop. Given this basic similarity, this Court finds that *Schmaling* and *Donahue* are controlling as to the issue at hand. Therefore, the Court finds that the $6,700 in PIK Certificates are not secured to the Bank due to the Bank's failure to file UCC–I financing statements with the State. As such, the PIK Certificates are unencumbered and should be made available for payment to the unsecured creditors under Debtors' amended plan.

■ As a final matter, the Court considers the Bank's objection to Debtors taking credit for a $12,000 payment against their indebtedness if such payment is made prior to confirmation of Debtors' amended plan. To the Court's knowledge, no such payment has been made to this point, but, should one be made, the Court agrees with the Bank in that Debtors will not be allowed to take full credit against their obli-

gation with the Bank for a payment made prior to confirmation. Accordingly, the Debtors should consider the timing of their payment to the Bank.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

## ORDER

For the reasons set forth in an Opinion entered on the 8th day of November 1988;

IT IS, THEREFORE, ORDERED that

1. The Farm Credit Bank's objections are *ALLOWED* as to the value of Debtors' collateral and the payments which Deanne Winterroth receives on a contract sale of a remainder interest.

2. The Farm Credit Bank's objection concerning alleged fraudulent conveyances is neither allowed nor denied as it is not properly before the Court.

3. The objections of the First of America Bank of Kankakee—N.A. are *ALLOWED* except for the objection concerning the PIK Certificates which is *DENIED.*

4. The Debtors will be allowed 21 days to file a second amended plan of reorganization dealing with the *ALLOWED* objections. A confirmation hearing will be set by the Court upon the filing of the second amended plan.

5. The Motion by Trustee to Determine Confirmation Pursuant to 11 U.S.C. § 1225 Notwithstanding Adversary Proceeding will be considered at the scheduled confirmation hearing.